Scott A. ADDIS, Lieutenant Commander,

v.

Howard B. THORSEN, Vice Admiral, Commander Atlantic Area

and

William L. Hart, Colonel, U.S. Army, Commandant, U.S. Disciplinary Barracks.

Misc. Docket No. 002–91.

U.S. Coast Guard Court of Military Review.

15 April, 1991.

Trial Counsel: CDR Michael J. Crye, USCG.

Asst. Trial Counsel: LT David J. Martin, USCG.

Detailed Defense Counsel: LCDR Don M. Wrye, USCG.

Appellate Counsel for petitioner: LT G Arthur Robbins, USCG.

Appellate Counsel for respondents: LCDR Michael J. Devine.

EN BANC OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEAS CORPUS

BAUM, Chief Judge:

Petitioner, a U.S. Coast Guard Lieutenant Commander, was ordered into confinement at the U.S. Army Disciplinary Barracks, Fort Leavenworth, Kansas, on 11 February 1991 when respondent, Vice Admiral Howard B. Thorsen, the officer who convened petitioner's general court-martial, approved the court's adjudged confinement of four months and ordered it executed. Concurrent with the action approving and ordering execution of the sentence, the convening authority rescinded deferment of confinement, which had been approved initially on 6 October 1990 for 30 days and subsequently extended. On 18 March 1991, after being confined for more than a month, petitioner filed with this court a petition for extraordinary relief in the nature of a writ of habeas corpus asking for release from that confinement. On 21 March 1991, we ordered counsel appointed and for respondents to show cause why the petition should not be granted.

Various briefs and motions have been filed since then by respondents and peti-

tioner, including a motion by respondents of 12 April 1991 requesting oral argument which is opposed by petitioner. The motion for oral argument is denied. All other outstanding motions will either be addressed in this opinion or will be mooted by our ultimate action. A response by petitioner to this Court's order of 8 April 1991 which indicates that he is requesting this Court to order deferment of his confinement in conjunction with his request for release has been considered along with his statement that he is seeking deferment with the express understanding that the running of his sentence shall be interrupted in the event his release is ordered by this Court and that the period while not confined will be excluded in computing service of the term of confinement pursuant to Article 57(b), Uniform Code Military Justice, (UCMJ), 10 USC § 857(b). All documents appended to pleadings, whether with motion to file or not, are treated as if accompanied by a motion to file and are hereby granted. Respondents' motion to strike trial defense counsel's affidavit is denied. All appended documents have been considered by the Court in arriving at our en banc decision on this petition.

## I

### Background

As background, petitioner was tried by a general court-martial. Contrary to his pleas of not guilty, he was convicted of one specification of conduct unbecoming an officer and a gentleman by engaging in conduct which sexually harassed certain female crewmembers of the USCGC Northland in violation of Article 133, UCMJ, 10 USC § 933; one specification of adultery with a female seaman apprentice crewmember of the USCGC Northland and one specification of fraternization with the same seaman apprentice, both of which specifications were in violation of Article 134, UCMJ, 10 USC § 934. On 6 October 1990, the court sentenced petitioner to confinement for four months, forfeiture of $1,500 a month for six months, and loss of 550 lineal numbers on the Coast Guard Officer Promotion List. On the same day, confinement was deferred for thirty days pursuant

to Article 57, UCMJ and RCM 1101(c) in response to a request by petitioner for deferment until the convening authority acted on the record of trial. On 24 October 1990, petitioner again requested deferment of confinement until the convening authority acted on the record of trial. On 1 November 1990, the convening authority granted the request by deferring confinement until his action on the record of trial, or 3 January 1991, whichever came first. On 19 December 1990, petitioner, contemplating that convening authority action would not be taken by 3 January 1991, requested the convening authority to continue deferment until he acted on the record of trial. On 26 December 1990, the convening authority granted the request and indicated that he expected to take such action before 31 January 1991. As stated earlier, the convening authority ultimately took his action on the record on 11 February 1991 approving and ordering executed the confinement for four months and the forfeiture of pay of $1,500 per month for six months. By separate document of even date the convening authority rescinded deferment and designated the U.S. Army Disciplinary Barracks, Fort Leavenworth, Kansas as the place of confinement.

## II

### Jurisdiction To Entertain An Extraordinary Writ

Although the sentence is not such that review of the record by this Court is required under Article 66, UCMJ, 10 USC § 866, petitioner asserts that we have jurisdiction to entertain a petition for extraordinary relief under the All Writs Act. He cites *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *Gale v. United States*, 17 U.S.C.M.A. 40, 37 C.M.R. 304 (1967), and *McPhail v. United States*, 1 M.J. 457 (C.M.A.1976) for the proposition that we have writ jurisdiction because of our supervisory authority over inferior courts and also for the reason that we have potential jurisdiction to review the record pursuant to Article 69, UCMJ, 10 USC § 869. In truth, the Judge Advocate General may refer the case to this Court for review of

the record under the terms of Article 69. Appended documents submitted by petitioner reflect that he has requested the General Counsel, Department of Transportation, who is the Coast Guard's Judge Advocate General[1], to take such action. The Chief Counsel of the Coast Guard has recommended otherwise, however, and the case is presently awaiting a decision on that matter. Since we do have potential jurisdiction to review the record under Article 69, UCMJ, we are assured of our jurisdiction to entertain this writ. *Gale v. United States, supra; Hollywood v. Yost,* 20 MJ 785 (C.G.C.M.R.1985). Having determined our jurisdiction to act, we now address the question whether the relief requested should be granted.

## III

### *Relief Requested*

Petitioner has specifically requested a writ ordering respondents to effect his release from post-trial confinement pending completion of review of his record of trial pursuant to Article 69(a), UCMJ. He has also requested that the release continue for a reasonable time thereafter to allow for further petitions for review. We will treat this request, together with his filing of 9 April 1991, as one for release from confinement and deferment of that confinement pending final review of his record of trial. The reasons petitioner submits for granting his requested relief are: (1) that since the military justice system has no provision for bail pending appeal, as does the civilian criminal justice system, there is the possibility that an accused could serve a nonrestorable period of confinement for a conviction which could be reversed on review; (2) that such could very well happen here with findings and sentence set aside and charges dismissed because this case presents a close issue of denial of speedy trial; and (3) that only the exercise of this Court's writ authority by ordering immediate release from confinement can prevent such an injustice.

Respondents have replied to each of these arguments. They first point out that the Uniform Code of Military Justice and the Manual for Courts–Martial provisions dealing with deferment of confinement provide convicted military offenders with a viable alternative to civilian bail. Respondents note that petitioner could have utilized the deferment process to gain the very relief he now seeks from this court, but chose not to follow that avenue. Respondents argue that, having failed to comply with the requirements for deferment pending final review, petitioner should not be heard to complain. Respondents also submit that, aside from the express provisions for deferment of confinement in Article 57, UCMJ and Rule of Court Martial (RCM) 1101(c), Manual For Court Martial 1984, the Judge Advocate General has inherent authority under Article 69, UCMJ to order petitioner's release and that petitioner should be required to seek such relief from the Judge Advocate General before coming to this Court. Finally, respondents argue that the speedy trial issue is not a close one and that petitioner has not carried his burden in justifying his release for that reason or for the reasons set out in RCM 1101(c)(3).

## IV

### *Deferment of Confinement*

Petitioner has asked this Court to order his release from confinement because the military justice system has no provision for bail pending appeal of a conviction. He is correct. Our system does not allow for bail. But we have an alternative which permits deferment of confinement pending review, without the posting of a bond or capital assets. In *Moore v. Akins,* 30 M.J. 249, 251–252 (C.M.A.1990), Chief Judge Everett recounts the background of Congressional action in 1968 establishing such deferment of confinement. After a review of the history leading to the Amendment of Article 57, UCMJ, Chief Judge Everett stated:

> According to the Senate Report at 2–3, Article 57(d) would "authorize convening authorities to defer execution of certain

1. Article 1(1), UCMJ; 10 USC § 801(1).

sentences to confinement during the appellate review process, *thus providing for the first time a procedure similar to release on bail pending appeal in civilian courts."* 1968 U.S.Code Cong. & Admin.News at 4503; 114 Cong.Rec. at 29398 (emphasis added).

Id. at 252.

That statutory authorization has been further implemented by the President in the Manual for Courts–Martial. RCM 1101(c) sets out the procedures to be followed and makes it clear that requests for deferment are to be submitted to a convening authority, or to the appropriate general court martial authority if the accused is no longer in the convening authority's jurisdiction, before action is taken ordering the confinement executed. RCM 1101(c)(6)(A) also gives express indication that the convening authority may defer confinement beyond the date of his action on the record of trial pursuant to RCM 1107. Moreover, a sample form for initial action by a convening authority in Appendix 16, MCM, 1984, even spells out the manner in which such deferment may be effected. That sample shows how the convening authority may approve a sentence and except from execution that portion extending to confinement, with the additional statement that "Service of the sentence to confinement (is) (was) deferred effective _____ 19__, and will not begin until the (conviction is final) (_____) unless sooner rescinded by competent authority." Appendix 16 ¶ 7, MCM, 1984.

Respondents correctly note that all of petitioner's requests to the convening authority were for deferment of confinement only until the convening authority acted on the record of trial. None sought deferment beyond that point, despite the option appearing in RCM 1101(c)(6)(A). Had petitioner sought deferment from the convening authority for the period following the convening authority's action, during which review of the case would occur, and had the convening authority denied the request, that denial could have been reviewed by this Court for abuse of discretion, as respondents correctly note. *U.S. v. Brownd,* 6 M.J. 338 (C.M.A.1979).

The decision by petitioner to come directly to this Court with a request that was never presented to the convening authority does not allow for the views of the convening authority to be heard on the matter. The procedure established by Article 57(d) and RCM 1101(c) contemplates just the opposite—that is, initial decision on deferment requests are to be made by the authority convening the court. In that manner, the convening authority, who is uniquely situated to evaluate a deferment request in the light of all relevant facts, can make his judgment and set out on the record his reasons, should he deny the request. Thereafter, a denial is subject to appellate review only for abuse of discretion. Petitioner in his reply of 12 April 1991 to respondents says that such an abuse of discretion was committed by the convening authority when he rescinded the deferment of confinement. Moreover, according to petitioner, we should review that decision for abuse of discretion and, upon so doing, must find in petitioner's favor since the convening authority did not articulate his reasons for rescinding deferment.

In arguing this point, petitioner directs our attention to *U.S. v. Berri,* 30 M.J. 1169, 1173 (C.G.C.M.R.1990), where we made such a finding with respect to a convening authority's denial without articulated reason of an accused's request to retain detailed counsel along with individual military counsel. The difference here, which petitioner has failed to note, is that there has been no denial of a request by the convening authority, as there was in *U.S. v. Berri, supra.* In the instant case, petitioner's request for deferment was only *until action on the record by the convening authority.* That request was granted, not denied. The rescinding of deferment was called for by petitioner's request. Accordingly, there was no need for any reasons to be articulated. For this reason, we reject petitioner's argument with respect to review of the convening authority's action rescinding deferment.

 Had petitioner requested deferment beyond the convening authority's ac-

tion, as he is now requesting this Court, and the convening authority had denied that request, either in whole or in part, then petitioner could have come directly and immediately to this Court for review of that decision for abuse of discretion. In that regard, we expressly reject any implication from the pleadings of respondents that an accused might have to seek review of such a decision from some other authority before coming here. We also reject the argument by respondents that in this instance, where confinement has already been executed, that petitioner must apply to the Judge Advocate General of the Coast Guard before petitioning this Court for a writ of habeas corpus.

 Upon careful consideration of Article 57, UCMJ; RCM 1101(c), other relevant MCM provisions, and judicial decisions pertaining to deferment, including *Moore v. Akins, supra, United States v. Longhofer*, 29 M.J. 22 (C.M.A.1989), and *U.S. v. Brownd*, supra, we are convinced that, normally, request for and consideration of deferment of confinement should occur before confinement is ordered executed. In the event of unusual circumstances warranting extraordinary action, this Court has authority to defer confinement even after it has been executed. Accordingly, since confinement was executed in this case, it was proper for petitioner to file for relief from this Court. The correct procedure to be followed when seeking deferment of confinement prior to its execution, however, is for the accused to apply to the convening authority. Absent truly extraordinary circumstances, failure to follow this procedure should result in rejection by a Court of the kind of request we have here that bypasses the convening authority.

## V

### *Extraordinary Writ Relief*

 Respondents contend that petitioner has failed to make out a case of extraordinary circumstances that would warrant our exercising writ authority in this instance. Because the petitioner is undergoing confinement, a punishment that is nonrestorable, we issued an order to respondents to show cause why he should not be released so that we could be assured of these very circumstances. Petitioner does not contend that his confinement is unlawful. He does assert that he was improperly confined through an abuse of the Convening Authority's discretion, but as indicated, we have rejected that assertion. Furthermore, the argument concerning the military's lack of a bail system also is rejected because of the military substitute. The procedure for deferment more than compensates for not having bail. If petitioner had fully utilized that procedure, as called for by RCM 1101(c)(6)(A), he may never have been confined. Petitioner, not having followed the appropriate procedures by making the contemplated request, there is no decision for us to review under the abuse-of-discretion standard; release now would require our finding extraordinary circumstances. In that regard, the only reason petitioner offers for our ordering his release is that there is the possibility the case will be overturned on the issue of speedy trial.

The merits of that particular issue are not before us. We note, however, that it was fully litigated before the trial judge who ruled against the petitioner. It was raised again with the Convening Authority with the same result, and it is now undergoing review by the Judge Advocate General of the Coast Guard. We express no opinion as to the merits of petitioner's speedy trial claims, nor as to the Judge Advocate General's discretionary authority under Article 69(d) to refer this case to this Court for review. However, we see no unusual circumstances here which would indicate an imminent miscarriage of justice if petitioner were to continue serving his approved sentence of confinement while his record of trial receives regular appellate review. In short, petitioner has not made out a case to warrant our taking extraordinary action that would depart from normal channels of review on the speedy trial issue, or any other issue that might appear in the record. The Judge Advocate General may act with finality on the record or he may refer it to this Court for review under the terms of Article 69, UCMJ. In either

event, we believe petitioner's rights will be fully protected and we see no reason for extraordinary writ action in this case.

## VI

### Conclusions

To recapitulate, we find that this Court has jurisdiction to entertain the petition for a writ of habeas corpus, but that petitioner has not made out a case which warrants our exercising such authority. Furthermore, with respect to deferment of confinement, Article 57, UCMJ and RCM 1101(c) require an accused to apply first to the convening authority for such relief. Upon denial by that authority, the accused may petition this Court directly for review of that decision without seeking review from any other authority. Failure to request deferment from the convening authority will normally result in rejection by this Court of a deferment request, absent truly extraordinary circumstances—which we do not see in this case.

For the foregoing reasons, the petition for a writ of habeas corpus and deferment of confinement until the conviction is final is denied.

Judges GRACE and SHKOR, concur.*