**UNITED STATES**

v.

**James D. RYDER, Boatswain's Mate, Second Class, U.S. Coast Guard.**

**CGCM 0034.**

**Docket No. 947.**

U.S. Coast Guard Court of Military Review.

July 6, 1992.

Trial Counsel: LCDR Lawrence I. Kiern, USCG.

Assistant Trial Counsel: LT Brian Schroeder, USCG.

Civilian Defense Counsel: Kevin Hogan, Esquire (21–25 August 1989).

Detailed Defense Counsel: LT Michael Forney, JAGC, USNR (12 June, 19 July and 21–25 August 1989).

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel One, BAUM, BRIDGMAN, SHKOR and EDWARDS[1] Appellate Military Judges.

PER CURIAM:

On 8 May 1992, this Court ordered reconsideration of our decision of 27 April 1992, 34 M.J. 1077, in response to a motion by the Appellant. Subsequently, on 26 May 1992, Appellant filed the following assignments of error to be considered in addition to the three previously filed and adversely resolved by our earlier decision:

**IV**

APPELLANT'S CONVICTION MUST BE SET ASIDE BECAUSE DUE PROCESS REQUIRES THAT A JUDGE IN A CRIMINAL CASE HAVE A FIXED TERM OF OFFICE. *BUT SEE*

*UNITED STATES v. GRAF*, 32 M.J. 809 (N.M.C.M.R.1990), *PETITION GRANTED*, 33 M.J. 189 (C.M.A.1991) (MEM.).

**V**

APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

**VI**

THE COURT OF MILITARY REVIEW IS WITHOUT POWER TO AFFIRM THE FINDINGS OF GUILTY AND SENTENCE BECAUSE THE APPELLATE MILITARY JUDGES ARE ASSIGNED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

Upon reconsideration of our prior decision, we adhere to the determination therein with respect to Assignments of Error I, II and III. With respect to the newly asserted errors, Assignments V and VI were briefed and orally argued before Panel Five of this Court in the case of *U.S. v. Prive*, 35 M.J. 569 (C.G.C.M.R.1992). That panel's decision is deemed dispositive of those issues and we follow the holding in that case.

Assignment of Error IV was summarily assigned as an error in *U.S. v. Prive, supra*. It has been briefed in the instant case and, among other things, Appellant argues that the United States Navy–Marine Corps Court of Military Review decided this issue wrongly in *U.S. v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *Petition Granted*, 33 M.J. 189 (C.M.A.1991) (MEM.). He contends that we should reject that Court's analysis in *U.S. v. Graf, supra*, and, instead, find that due process requires a fixed term of office for general court-

---

1. Judge Edwards did not participate in this decision.

martial and appellate military judges. To the contrary, we must reject Appellant's assignment because we find *U.S. v. Graf, supra,* to be correctly decided.

In light of the foregoing, upon reconsideration, our decision of 27 April 1992 setting aside the finding of guilty of Specification 1 of Additional Charge I, affirming the remaining findings of guilty, and affirming the sentence is reaffirmed.

Chief Judge BAUM and Judges BRIDGMAN and SHKOR concur.