**UNITED STATES**

v.

**Clay H. BERRI, Machinery Technician Second Class, U.S. Coast Guard.**

CGCM 0058.
Docket No. 921.

U.S. Coast Guard Court of Military Review.

Nov. 23, 1992.

Trial Counsel: LCDR Craig H. Allen, USCG.

Assistant Trial Counsel: LCDR Peter L. Seidler, USCG.

Detailed Defense Counsel: LCDR Thomas A. Devins, JAGC, USN.

Associate Defense Counsel: LT Valerie J. Hilicus–Pellegrino, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel TWO, BAUM, GRACE and BASTEK, Appellate Military Judges.

PER CURIAM:

The record before us is that of a rehearing that we authorized in *U.S. v. Berri,* 30 M.J. 1169 (C.G.C.M.R.1990), *aff'd* 33 M.J. 337 (C.M.A.1991). At the rehearing, Appellant pled guilty to attempted premeditated murder in accordance with a pretrial agreement which called for dismissal by the convening authority of the other two charges of maiming and assault with intent to inflict grievous bodily harm. Appellant was convicted of the single charge of attempted murder in accordance with his guilty plea and the convening authority dismissed the other two charges as required by the agreement. The judge sentenced Appellant to a dishonorable discharge, confinement for 17 years, forfeiture of all pay and allowances and reduction to paygrade E–1. Pursuant to the sentencing portion of the pretrial agreement, the convening authority disapproved all confinement in excess of 150 months, but approved the remainder of the sentence as adjudged.

Appellant now assigns two errors, that the military judge and the judges of this Court were appointed in violation of the United States Constitution's Appointments Clause and that the presence on this Court of collateral duty judges denies Appellant due process.

These assignments of error have been raised in other cases before this Court and have been decided contrary to the Appellant's position here. *U.S. v. Ryder,* 34 M.J. 1259 (C.G.C.M.R.1992); *U.S. v. Prive,* 35 M.J. 569 (C.G.C.M.R.1992); *U.S. v. Kovac,* 36 M.J. 521 (C.G.C.M.R.1992). Those decisions are dispositive. The assignments of error are, therefore, rejected.

After review pursuant to Article 66, Uniform Code of Military Justice, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence as approved below are affirmed.

Chief Judge BAUM and Judges GRACE and BASTEK concur.