UNITED STATES, Appellee,

v.

James D. RYDER, Boatswain's Mate
Second Class, U.S. Coast Guard,
Appellant.

No. 68449.
CMR No. 947.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 31, 1995.

Decided April 15, 1996.

For Appellant: *Lieutenant Commander
Allen Lotz* (argued).

For Appellee: *Lieutenant Frank R. Levi*
(argued).

*Opinion of the Court*

GIERKE, Judge:

A general court-martial convicted Boatswain's Mate Second Class Ryder of numerous drug offenses. His approved sentence provided for a dishonorable discharge, confinement for 3 years, partial forfeitures for 36 months, and reduction to the lowest enlisted grade. The Court of Military Review* set aside the findings of guilty as to one specification and dismissed it, affirmed the remaining findings of guilty, reassessed the sentence, and found it "legally correct and appropriate for the remaining offenses." 34 MJ 1077, 1082 (1992).

The Court of Military Review subsequently granted Ryder's motion for reconsideration and entertained three additional assign-

*See 41 MJ 213, 229 n.* (1994).

ments of error, including an assertion that the appellate military judges on that court were not validly appointed under the Appointments Clause of the Constitution. That court held that its judges were validly appointed. 34 MJ 1259 (1992).

Our Court held in *United States v. Carpenter*, 37 MJ 291, 295 (1993), *vacated*, ——— U.S. ———, 115 S.Ct. 2572, 132 L.Ed.2d 823 (1995), that civilian judges on the court below were not validly appointed but their actions were valid *de facto*. *See Buckley v. Valeo*, 424 U.S. 1, 142, 96 S.Ct. 612, 693, 46 L.Ed.2d 659 (1976). We applied *Carpenter* to Ryder's case. *See* 39 MJ 454, 455 n. * (1994). The Supreme Court unanimously reversed, holding that the civilian judges' actions were not valid *de facto*. The Court remanded Ryder's case for another "hearing before a properly appointed panel" of the Coast Guard court. *Ryder v. United States*, —— U.S. ———, ———, 115 S.Ct. 2031, 2038, 132 L.Ed.2d 136 (1995).

Following remand of the case from the Supreme Court, our Court concluded that it was necessary to determine whether the present Coast Guard Court of Criminal Appeals is properly constituted before remanding Ryder's case to that court for further proceedings. We ordered the Government to show cause whether the Secretary of Transportation has statutory authority to appoint judges of the Coast Guard Court of Criminal Appeals. 43 MJ 181 (1995). We now hold that the judges of that court are validly appointed.

Before our Court, the Government argued that judges of the Court of Criminal Appeals are "inferior officers" of the United States who may be appointed by a department head if authorized by Congress; that the Secretary of Transportation has authority under 49 USC § 323(a) to appoint inferior officers; and that the Secretary of Transportation has properly exercised his appointment power to appoint the judges of the Coast Guard Court of Criminal Appeals. Response to Order to Show Cause at 6–9. Appellate defense counsel argued that appellate military judges are "principal" officers who must be nominated by the President and confirmed by the Senate, Answer at 4–8; in the alternative, he argued that if appellate military judges are "inferior" officers, 49 USC § 323(a) is not a sufficient enabling statute to permit the Secretary of Transportation to appoint appellate military judges. Answer at 9–12. Finally, appellate defense counsel argued that 49 USC § 323(a) and Article 66(a) are "in conflict," since the former is a general grant of authority to the Secretary of Transportation, but the latter is Congress' specific directive to the service Judge Advocates General to appoint judges of the Court of Criminal Appeals. Ryder's counsel argued that Article 66(a) reflects Congress' intent to give the power to appoint judges to the Judge Advocate General, not the Secretary. Answer at 12–15.

In *Weiss v. United States*, 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994), the Supreme Court held that assignment of military officers to judicial duties does not require a second appointment under the Appointments Clause. Left open was the question whether assignment of a civilian to a Court of Criminal Appeals by the appropriate Judge Advocate General complied with the Appointments Clause. *Id.* at —— n. 4, 114 S.Ct. at 757 n. 4. The Supreme Court has since held in *Ryder v. United States, supra,* that it did not.

■ Two questions are now before us. First, are the judges of the Coast Guard Court of Criminal Appeals principal officers or inferior officers under the Appointments Clause? Second, if they are inferior officers, has Congress given the Secretary of Transportation authority to appoint them?

The line between principal officers and inferior officers is "far from clear." *Morrison v. Olson*, 487 U.S. 654, 671, 108 S.Ct. 2597, 2608–09, 101 L.Ed.2d 569 (1988). The Supreme Court uses a functional analysis to determine whether an officer of the United States is a principal officer or inferior officer under the Appointments Clause. *See id.* at 671, 108 S.Ct. at 2608–09. Applying a functional analysis to appellate military judges, we note that the jurisdiction of judges of the Court of Criminal Appeals is limited to violations of the Uniform Code of Military Justice

and the Law of War by persons subject to military jurisdiction. The judges are dependent on the General Counsel (who is the Judge Advocate General for the Coast Guard) for assignment to the court. They do not enjoy tenure and thus may be reassigned to other duties. They may hold other positions as their primary duty and serve only part-time as appellate military judges. *See United States v. Carpenter*, 37 MJ at 296.

While good arguments can be made for both sides of the question, we agree with Justice Souter's approach in *Weiss:*

> Since the chosen method for selecting military judges shows that neither Congress nor the President thought military judges were principal officers, and since in the presence of doubt deference to the political Branches' judgment is appropriate, I conclude that military judges are inferior officers for purposes of the Appointments Clause.

510 U.S. at 194, 114 S.Ct. at 769 (concurring). *See In re Sealed Case*, 838 F.2d 476, 532 (D.C.Cir.1988) (R.B. Ginsberg, J., dissenting), *reversed sub nom. Morrison v. Olson, supra*, cited by Justice Souter in *Weiss* ("Where ... the label that better fits an officer is fairly debatable, the fully rational congressional determination surely merits ... tolerance." 510 U.S. at 194, 114 S.Ct. at 769); *see also United States v. Weiss*, 36 MJ 224, 240 (CMA 1992) (Sullivan, C.J., dissenting on other grounds) ("Military judges, both trial and appellate, are 'inferior Officers'...."). Since military officers assigned to a Court of Criminal Appeals are inferior officers, we conclude that civilian judges assigned to that court, who perform the same duties, are likewise inferior officers and are not required to be appointed by the President and confirmed by the Senate.

■ We turn next to the question whether Congress has given the Secretary of Transportation authority to appoint judges of the Court of Criminal Appeals. The Government argues that 49 USC § 323(a), empowering the Secretary to "appoint ... officers and employees of the Department of Transportation," enables the Secretary to appoint civilian members of the Court of Criminal Appeals. The defense argues that 49 USC § 323(a) is overly broad and that Congress intended Article 66, UCMJ, 10 USC § 866, a more specific statute that vests the appointment power in the Judge Advocates General, to control appointments to the Court of Criminal Appeals.

■ As with other courts, the power to establish a court is separate from the power to appoint judges. In *Weiss v. United States, supra*, the Supreme Court rejected the defense interpretation of Article 66 when it said, "The sections of the UCMJ relating to military judges speak explicitly and exclusively in terms of 'detail' or 'assign'; nowhere in these sections is mention made of a separate appointment." 510 U.S. at 172, 114 S.Ct. at 758. Military officers are appointed by the President, not the Judge Advocate General. *See* 10 USC §§ 531 and 624, and 14 USC § 211. The Judge Advocate General is commanded by Article 66(a) to "establish a Court of Criminal Appeals" and assign judges to that court. Article 66 says nothing about the power to appoint. Accordingly, we reject the argument that Article 66 reflects congressional intent to vest in the Judge Advocate General the power to appoint appellate military judges.

In *United States v. Carpenter*, 37 MJ at 294, we opined that "the Appointments Clause would be satisfied if the Secretary of Transportation appointed the judges of the Coast Guard Court of Military Review." We adhere to that view. Congress has given the Secretary of Transportation broad authority in 49 USC § 323(a) to "appoint ... officers and employees of the Department of Transportation." In our view, this includes civilian judges of the Coast Guard Court of Criminal Appeals. The Secretary's adoption of the General Counsel's assignment of military officers to the Court of Criminal Appeals may have been redundant but does not affect the validity of his appointment of civilians as appellate military judges. Accordingly, we hold that the Secretary's appointment of civilians as appellate military judges is consistent with the Appointments Clause.

In accordance with the Supreme Court's mandate, the decision of the United States

Coast Guard Court of Military Review [34 MJ 1077, 1259] is set aside. The record of trial is returned to the General Counsel of the Department of Transportation for review under Article 66, Uniform Code of Military Justice, 10 USC § 866, by a properly appointed Court of Criminal Appeals. Thereafter, Article 67, UCMJ, 10 USC § 867 (1989), will apply.

Chief Judge COX, Judges SULLIVAN and CRAWFORD, and Senior Judge EVERETT concur.