# UNITED STATES

v.

**Michael L. GRINDSTAFF, 573 43 6743, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 96 00655.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 20 Dec. 1995.

Decided 13 Jan. 1997.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

LT Randy S. Kravis, JAGC, USNR, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and OLIVER, J.

PER CURIAM.

We have examined the record of trial, the four assignments of error,[1] and the Government's response thereto. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudi-

cial to the substantial rights of the appellant was committed. A brief discussion of the issues is appropriate.

### Assignment of Error I

■ Appellant first contends that his sentence, which included an unsuspended bad-conduct discharge, is inappropriately severe. However, he committed an assault consummated by a battery with a knife on another Marine. In his own words, this was an unnecessary and inappropriate "cheap shot." Record at 15. Moreover, the tenor of his unsworn statement, including his specific request for a bad-conduct discharge, indicate that he had little rehabilitative potential. The military judge, the convening authority, and this court have given this Marine and the offense he committed the individualized consideration to which he is entitled. We conclude that his sentence was not inappropriately severe.

### Assignments of Error II and III

■ In his second and third assignments of error, appellant claims that the judges of this court and the military judge who tried his court-martial are "principal officers" whom the President has not appointed to their positions as the Appointments Clause of the Constitution, U.S. CONST., art. II, § 2, cl. 2, requires.

In *Weiss v. United States*, 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994), the Supreme Court held that the Constitution did not require a second appointment for military officers to serve as judges on the military Courts of Criminal Appeals. *Id.* at 166, 170, 114 S.Ct. at 755, 757. Appellant

---

1. I. APPELLANT'S UNSUSPENDED DISCHARGE IS INAPPROPRIATELY SEVERE, BECAUSE APPELLANT COMMITTED THE OFFENSE IMMEDIATELY AFTER A PHYSICAL ALTERCATION WITH THE VICTIM, AND THE VICTIM SUFFERED NO SIGNIFICANT INJURIES (THE WOUND DID NOT EVEN REQUIRE STITCHES) FROM THE KNIFE CUT. (Citations omitted.)

II. THIS COURT IS WITHOUT JURISDICTION TO REVIEW THIS CASE BECAUSE ITS JUDGES, WHEN ACTING IN THEIR JUDICIAL CAPACITY, ARE PRINCIPAL OFFICERS, WHO HAVE NOT BEEN APPOINTED TO THEIR POSITIONS IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

III. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE MILITARY TRIAL JUDGE, ACTING IN HIS JUDICIAL CAPACITY, WAS A PRINCIPAL OFFICER, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

IV. APPELLANT'S COURT–MARTIAL LACKS JURISDICTION BECAUSE THE CONVENING AUTHORITY, IN HIS CAPACITY AS A CONVENING AUTHORITY, WAS A PRINCIPAL OFFICE, WHO HAD NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE. (Citations omitted.)

alleges that the Court never specifically addressed the issue of whether military judges are principal or inferior officers. If military judges are principal officers, appellant argues, then the failure of the President, with the Senate's consent, to appoint them to their present assignments leaves them without jurisdiction to try or review his case.

We have carefully considered appellant's arguments and we believe that we have adequate guidance to resolve this matter. Our superior court held recently in *United States v. Ryder,* 44 M.J. 9 (1996), that the civilian judges of the various Courts of Criminal Appeals are "inferior officers" within the meaning of the Appointments Clause. *Id.* at 11. Although the Supreme Court's holding in *Weiss* did not specifically include any final determination of this issue, *see United States v. Carpenter,* 37 M.J. 291, 293 (C.M.A.1993) (it was one of the issues "left unanswered in *Weiss* "), we note that Justice Souter, in his concurring opinion, concluded that military judges are "inferior officers." *Weiss,* 510 U.S. at 182, 114 S.Ct. at 763 (Souter, J., concurring). We are satisfied that the judges of this court are inferior officers under the Appointments Clause.

If the judges on this court are "inferior officers," we think it is even more clear that military judges, whose jurisdiction is subordinate to ours, also do not require a second appointment in order to try the cases which come before them in the normal course of their duties. We believe this conclusion is reinforced by applying the four-factor analysis in *Morrison v. Olson,* 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). The Supreme Court's broad holding in *Weiss* that the "current scheme" for appointing both appellate and trial judges in the military "satisfies the Appointments Clause" clearly implies that military judges are inferior officers. *Weiss,* 510 U.S. at 176, 114 S.Ct. at 760.

### Assignment of Error IV

■ Turning to appellant's final assignment of error, we believe that the convening authority is also not a "principal officer" within the meaning of the Appointments Clause and that he had authority to convene the court-martial that tried appellant. Convening authorities in the military are all "commissioned officers" who have been appointed as officers of the United States under 10 U.S.C. § 531 (1994), "by the President, by and with the advice and consent of the Senate." *Id.* In *Weiss,* the Supreme Court held that most officers detailed to perform functions "germane" to their duties do not require a second appointment. *Weiss,* 510 U.S. at 174, 176, 114 S.Ct. at 759, 760. The power to convene courts-martial is clearly germane to the position of commander. *See* Art. 23, Uniform Code of Military Justice, 10 U.S.C. § 823 (listing special court-martial convening authorities). The authority to convene courts-martial is an additional power and responsibility of officers as they get into more senior positions. At the time of each promotion, the President and the Senate have an opportunity to review whether the officer is qualified for the increased responsibilities attendant to their rank. The administration of military justice is just one of the additional responsibilities for which the officer now has greater responsibility.

As the Supreme Court pointed out in *Weiss,* 510 U.S. at 171–72, 114 S.Ct. at 757–58, Congress has required an additional appointment for a good number of senior military positions, such as the Chairman of the Joint Chiefs of Staff, 10 U.S.C. § 152, a four-star position serving as the principal military advisor to the President, and the Judge Advocate General of the Navy, 10 U.S.C. § 5148, a two-star position serving as a legal advisor to the Secretary of the Navy and the Chief of Naval Operations. No such statutory requirements exist prior to the appointment of virtually all lesser military officers, including appellate judges, trial judges, and convening authorities, "detailed" or "assigned" to their positions. *Weiss,* 510 U.S. at 172, 114 S.Ct. at 758. In view of the existing precedent, we can read no such requirement into the Constitution.

After carefully considering the entire record, we are convinced that there was no prejudice to the substantial rights of the appellant. Accordingly, we affirm the findings and the sentence, as approved on review below.